## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-6456-GW (SS) | Date | November 25, 2015 |
|---|---|---|---|
| Title | *Arch Ins. Co. v. Liberty Surplus Ins. Corp.* | | |

| Present: The Honorable | GEORGE H. WU, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Charles A. Rojas | None Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):**     **ORDER TO SHOW CAUSE RE SUBJECT MATTER JURISDICTION**

      Arch Insurance Co. ("Plaintiff") brings this action against Liberty Surplus Insurance Corp. ("Defendant") for (1) equitable contribution for defense fees and costs (2) equitable contribution for indemnity payments, (3) equitable indemnity for defense fees and costs, (4) equitable indemnity for indemnity payments, and (5) declaratory relief. *See generally* Compl., Docket No. 1. Plaintiff asserts diversity jurisdiction pursuant to 28 U.S.C. § 1332. *See id.* ¶ 3. As the party asserting jurisdiction, Plaintiff has the burden of establishing that subject matter jurisdiction exists before this matter proceeds further. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) ("It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction.") (citations omitted). Plaintiff's jurisdictional allegations are presently insufficient.

      Plaintiff alleges that it is a Missouri corporation that "lawfully transacts insurance in this County," *see* Compl. ¶ 1, and that Defendant is a New Hampshire corporation that "lawfully transacts insurance in this County," *see id.* ¶ 2. For diversity purposes, a corporation is a "citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). The phrase "principal place of business" means the place where a corporation's board and high level officers direct, control and coordinate its activities. *Hertz Corp. v. Friend*, 559 US 77, 80-81, 92-93 (2010). Plaintiff must indicate the principle place of business for each entity.

            :

      Initials of Preparer    CR

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-6456-GW (SS) | Date | November 25, 2015 |
|---|---|---|---|
| Title | *Arch Ins. Co. v. Liberty Surplus Ins. Corp.* | | |

  Thus, Plaintiff is hereby ordered to show cause, in writing by noon on December 2, 2015, as to why this action should not be dismissed for lack of subject matter jurisdiction. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) (indicating that courts must assure themselves of the existence of subject matter jurisdiction before proceeding); *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004) (same). Failure to cure the jurisdictional deficiency will result in dismissal.

  The Court further orders the Court Clerk promptly to serve this order on all parties who have appeared in the action.

:

Initials of Preparer   CR